UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KELLY MAUREEN STACK,

                     Plaintiff,                DECISION AND ORDER

           -vs-                             19-CV-466

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

_____

## INTRODUCTION

Plaintiff Kelly Maureen Stack ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Supplemental Security Income (Title XVI) ("SSI") and Disability Insurance Benefits (Title II) ("DIB"). Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Proceed, ECF No. 15.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 12 & 13.) For the reasons stated below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

On September 8, 2009, Plaintiff protectively filed for SSI and DIB,

alleging disability beginning on April 8, 2009. (R.[1] 172–76.) The Social Security Administration initially denied Plaintiff's claim and Plaintiff requested a hearing. (R. 123–30, 135.) On May 4, 2011, an Administrative Law Judge ("A.L.J.") located in Baltimore, Maryland held a hearing in this matter. (R. 88–89.) Plaintiff testified at the hearing from a different location and was represented by counsel.[2] (*Id.*) A vocational expert testified at the hearing as well. (*Id.*)

The A.L.J. issued an unfavorable decision on May 20, 2011. (R. 21–40.) Plaintiff appealed to the Social Security Administration's ("SSA") Appeals Council and that body denied her request for review on August 30, 2012. (R. 1.) On October 25, 2012, Plaintiff timely filed a complaint in the Western District of New York challenging the determination that she was not disabled. (R. 1013.) The Honorable William M. Skretny issued a decision and order remanding the case to the Commissioner on May 30, 2014. (R. 1011, 1015.)

On August 4, 2014, the Appeals Council remanded the case to an A.L.J. for a new hearing, to take any further action needed to complete the administrative record and to issue a new decision. (R. 1030.) On March 4, 2015, an A.L.J. located in Buffalo, New York held a hearing in this matter. (R. 979–80.) Plaintiff appeared in-person and was represented by counsel. (R. 980.) A

---

[1] "R __" refers to the page in the Administrative Record filed by the Commissioner of Social Security. (ECF No. 8.)

[2] It is unclear from the hearing transcript where Plaintiff was located geographically when the hearing took place or whether she participated via videoconference or teleconference.

vocational expert testified at the hearing as well. (R. 979–80.) The A.L.J. issued an unfavorable decision on April 22, 2015, finding that Plaintiff had the following severe impairments: "depressive disorder, anxiety disorder, and panic disorder." (R. 950.) Nevertheless, the A.L.J. determined that Plaintiff was able to:

> perform all exertional activities consistent with the broad world of work. "Broad world of work" is defined in Social Security Ruling 83-10 as work which exists at all exertional levels (20 CFR 404.1567(a.b.c.d.) and 416.967(a.b.c.d.)). However, the claimant has the following non-exertional limitations: she cannot work in areas with unprotected heights or around heavy, moving, or dangerous machinery. The claimant should not climb ropes, ladders, or scaffolds. She has occasional limitations in the ability to maintain attention and concentration for extended periods. The claimant has occasional limitations in the ability to work in coordination with proximity to others without being distracted by them. She has occasional limitations in the ability to interact appropriately with the general public; she can work in a low interpersonal contact environment. The claimant has occasional limitations in dealing with stress.

(R. 938.)

On February 21, 2019, a representative of the Appeals Council informed a representative of Plaintiff's counsel's office that a "special dismissal" of Plaintiff's exceptions to the A.L.J.'s decision had been issued on March 22, 2017, making the A.L.J.'s decision the Commissioner's final decision. (Compl. at 3, ECF No. 1.) Plaintiff filed the present lawsuit on April 9, 2019. (*Id.*)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and

transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curium)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1)    whether the claimant is currently engaged in substantial gainful activity;
>
> (2)    if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3)    if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4)    if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5)    if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant

could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises three issues for the Court's review, all involving challenges to the A.L.J.'s RFC determination based upon weight assigned to various health care providers. First, Plaintiff asserts that the A.L.J.'s decision was not supported by substantial evidence because the A.L.J. improperly rejected the opinion of the treating psychiatrist, and Plaintiff argues that the psychiatrist's opinion should have been given controlling weight. (Pl.'s Mem. of Law at 1, ECF No. 12-1.) Plaintiff also contends that the A.L.J. erroneously evaluated other source opinions from Plaintiff's counselors. (*Id.*) Finally, Plaintiff argues that the RFC and the entire decision were not supported by substantial evidence because the A.L.J. did not assign controlling weight to any medical opinion. (*Id.*)

### The A.L.J.'s RFC is not supported by substantial evidence.

Even when a claimant is represented by counsel, it is the well-established rule in the Second Circuit "that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants ... affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Lamay v. Comm'r of Soc. Sec.,* 562 F.3d 503, 508–09 (2d Cir. 2009), *cert. denied* 599 U.S. 962 (Feb. 22, 2010) (internal quotation marks and brackets omitted); *accord Butts v. Barnhart,* 388 F.3d 377, 386 (2d Cir. 2004), *reh'g granted in part and denied in part,* 416 F.3d 101 (2d Cir. 2005); *Pratts v.*

*Chater,* 94 F.3d 34, 37 (2d Cir. 1996); *Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir. 1999) ("where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel.") (internal quotations and citations omitted)*; Freeman v. Comm'r of Soc. Sec.*, No. 19-CV-00068, 2020 WL 3819087, at *4 (W.D.N.Y. July 8, 2020) ("It is well-established in this Circuit that an ALJ has an affirmative duty to develop the record even when the claimant is represented by counsel.") Social Security disability determinations are "investigatory, or inquisitorial, rather than adversarial." *Butts,* 388 F.3d at 386. "[I]t is the ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Id.* (citation omitted); *accord Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1999).

Additionally, while it is true that the A.L.J. does not need to develop the record further unless the record contains obvious gaps, the courts of this Circuit have repeatedly held that an A.L.J. has a heightened duty to develop the record when a claimant is alleging mental illness. *Freeman*, 2020 WL 3819087, at *3 ("The duty to develop the record is particularly important where an applicant alleges he is suffering from a mental illness, due to the difficulty in determining whether these individuals will be able to adapt to the demands or 'stress' of the workplace."); *Leutung v. Comm'r Soc. Sec.*, No. 17-CV-6626, 2019 WL 1385847, at *2 (W.D.N.Y. Mar. 27, 2019) ("The ALJ's duty to develop the record is enhanced when the disability in question is a psychiatric

impairment.") (citations omitted); *Gabrielsen v. Colvin*, No. 12-CV-5694 (KMK)(PED), 2015 WL 4597548, at *4 (S.D.N.Y. July 30, 2015) ("[A]n ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment."); *Corporan v. Comm'r of Soc. Sec.*, No. 12–CV–6704 (IPO), 2015 WL 321832, at *22 (S.D.N.Y. Jan. 23, 2015) ("The ALJ's duty to develop the record is enhanced when the disability in question is a psychiatric impairment.").

Moreover, previously the SSA's regulations required the A.L.J. to first recontact the treating physician when additional evidence was required. *Moreau v. Berryhill*, No. 3:17-CV-00396 (JCH), 2018 WL 1316197, at *11 (D. Conn. Mar. 14, 2018) (citing 20 C.F.R. § 404.1512(e)(1) (2011) ("We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available."). However, the regulations were amended in 2012 to provide the A.L.J. with more flexibility in determining how best to obtain additional information. *See How We Collect and Consider Evidence of Disability*, 77 FR 10651-01, at 10651 (Feb. 23, 2012). The regulations now provide that recontacting the treating physician is one option for obtaining additional evidence. *See* 20 C.F.R. § 404.1520b(b)(2)(i) (2017) ("We may recontact your medical source.").

While this amendment has given the A.L.J. greater flexibility in determining how to obtain additional information, it has not eliminated the A.L.J.'s obligation to develop the record when additional information is needed

due to the vagueness, incompleteness, or inconsistency of the treating source's opinion. *See Gabrielsen,* 2015 WL 4597548, at *6 ("Nonetheless, courts in the Second Circuit have concluded . . . that the ALJ still has an obligation to re-contact the treating physician in some cases.... Accordingly, the change in the regulations does not mean that the ALJ here had no duty to re-contact the treating physician."); *Nunez v. Berryhill*, No. 16-CV-5078 (HBP), 2017 WL 3495213, at *16 (S.D.N.Y. Aug. 11, 2017) ("[T]he current amended regulations ... give the ALJ more discretion to determine the best way to resolve the inconsistency or insufficiency based on the facts of the case.... However, the regulations continue to contemplate the ALJ recontacting treating physicians when the additional information needed is directly related to that source's medical opinion." (alterations in original) (internal quotation marks and citations omitted)). The SSA acknowledges that, in many cases, recontacting the treating physician will still be the most effective and efficient means of obtaining additional information. *See* 77 FR 10651-01, at 10652 ("In fact, we expect that adjudicators will often contact a person's medical source(s) first whenever the additional information sought pertains to findings, treatment, and functional capacity, because the treating source may be the best source regarding these issues.").

Here, the A.L.J. afforded the opinion of Plaintiff's treating psychiatrist, Horatio A. Capote, M.D., "little weight" because it was not supported by the objective medical evidence, including Dr Capote's own treatment records, and

because it was not supported by the opinion of the consultative examiner, Robert Hill, Ph.D. (R. 945.) Given the critical role a treating physician's opinion plays in the A.L.J.'s determination, upon receiving what the A.L.J. found to be an inadequate opinion it would have been prudent to have recontacted Dr. Capote to satisfy the A.L.J.'s duty to develop the record *Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013) (noting that before relying on a "remarkably vague" treating physician's opinion that contradicted claimant's testimony, "[a]t a minimum, the ALJ likely should have contacted [the treating physician] and sought clarification of his report."); *Freeman*, 2020 WL 3819087, at *4. (A.L.J. should seek additional, potentially relevant, medical expert opinion from a plaintiff's treating providers whom the plaintiff was regularly seeing because "an A.L.J. has an obligation to contact the claimant's treating physician in cases where the medical record is insufficient, conflicting, or unclear."); *Prince v. Berryhill*, 304 F. Supp. 3d 281, 288 (D. Conn. 2018) (finding that before assigning treating physician's opinion "little weight" because it was inconsistent with, among other evidence, the treating physician's own treatment records, A.L.J. should have recontacted treating physician or asked Plaintiff's representative to recontact the physician); *Gabrielsen,* 2015 WL 4597548, at *7 (finding that the A.L.J. had the obligation to recontact the treating physician to seek clarifying information given the treating physician's unique position to resolve certain inconsistencies and the heightened duty to develop the record in cases of mental impairment).

Moreover, the Second Circuit has cautioned A.L.J.s not to rely heavily on the results from a single examination by a consultative physician in determining a claimant's RFC. *Selian*, 708 F.3d at 419. A one-time consultative exam is potentially "a one-time snapshot of a claimant's status [and] may not be indicative of her longitudinal mental health." *Estrella v. Berryhill*, 925 F.3d 90, 98 (2d Cir. 2019); *Corbeil v. Saul*, No. 17-CV-01321, 2019 WL 2590606, at *5 (W.D.N.Y. Jun. 25, 2019) (same).

The A.L.J.'s reliance solely on the opinions of Dr. Hill and H. Tzeto, M.D.[3], a State Agency reviewing physician, is problematic for the reasons cited to by the Second Circuit. Indeed, Dr. Hill only examined Plaintiff on one occasion and Dr. Tzetzo never examined Plaintiff in-person. Moreover, both of these opinions are from December 2009—over five years prior to the A.L.J.'s issuance of his decision. (R. 942.) In contrast, Dr. Capote's opinion is more recent, having been issued in April 2011. (R. 945.) Moreover, the record reflects that Dr. Capote either treated Plaintiff or was Plaintiff's supervising physician from February 2010 through April 2014. (R. 818–30, 945, 1228–66.)

Notably, the A.L.J. rejected the opinion of Plaintiff's treating psychiatrist, Dr. Capote, in part, because it was not supported by Dr. Hill's opinion. (R. 945.) The A.L.J. erred in utilizing Dr. Hill's opinion as a "good reason" to discount Dr. Capote's opinion. *Estrella*, 925 F.3d at 98 (inconsistency

---

[3] With respect to the opinion of Dr. Tzeto, the A.L.J. assigned the more limiting portions of the opinion regarding Plaintiff's functional abilities "little weight," while assigning the less limiting portions "some weight." (R. 942–43.)

of consulting examiner's opinion with treating physician's opinion was not a "good reason" for minimizing treating physician's opinion). Indeed, "[t]he Second Circuit has repeatedly stated that when there are conflicting opinions between the treating and consulting sources, the 'consulting physician's opinions or report should be given limited weight.'" *Harris v. Astrue*, No. 7-CV-4554 (NGG), 2009 WL 2386039, at *14 (E.D.N.Y. July 31, 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990)); *Corbeil*, 2019 WL 2590606, at *5 ("Generally, the ALJ cannot rely solely on [the] RFCs [of the consulting examiners] as evidence contradicting the treating physician RFC . . . [as] an inconsistency with a consultative examiner is not sufficient, on its own, to reject the opinion of the treating physician.") (internal quotations and citations omitted). This is because "consultative exams are often brief, are generally performed without the benefit or review of claimant's medical history and, at best, only give a glimpse of the claimant on a single day." *Cruz*, 912 F.2d at 13.

Under the particular circumstances of this case, given that the A.L.J. rejected all opinions regarding Plaintiff's cognitive functioning aside from those of the two consultants, and found that Dr. Capote's opinion was not consistent with his own treatment records, it would have been prudent for the A.L.J. to recontact Dr. Capote as the record was conflicting and unclear. The forgoing errors require reversal and remand. Since remand is required, the Court need not address the other arguments advanced by Plaintiff in support of her motion.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 12) and denies the Commissioner's motion for judgment on the pleadings (ECF No. 13). The Court remands the case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for a hearing. The Clerk of the Court will enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

DATED:     September 23, 2020
            Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge